IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CR-163-RJC-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>KRISTI HEATHER KING, )<br>)<br>Defendant. )<br>) | **MEMORANDUM AND<br>RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss Pursuant To Fed. R. Cr. P. 12(b)(3)(B)(ii) And/Or Renewed Motion For A Bill Of Particulars Pursuant To Fed. R. Cr. P. 7(f)" (Document No. 47) filed February 14, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will respectfully recommend that the motion be denied.

### BACKGROUND

Kristi Heather King ("King" or "Defendant") was indicted on June 22, 2022 with one count of sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and (c). (Document No. 1). A "First Superseding Bill Of Indictment" (Document No. 26) ("Superseding Indictment") was filed on November 15, 2022, charging Defendant with one count of conspiracy to commit sex trafficking of a minor in violation of 18 U.S.C. §§ 1594(c) and 1591(a)(1), (b)(2), and (c), one count of sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and (c), and one count of transportation of a minor in violation of 18 U.S.C. § 2423(a). (Document No. 26).

Defendant filed a "Motion For A Bill Of Particulars" (Document No. 30) on November 16, 2022, the day after the Superseding Indictment was filed. The Court denied Defendant's motion on December 30, 2022, stating that the language of the Superseding Indictment, the Government's presentation of evidence at the detention hearings, and the Government's provision of expanded file discovery to the defense all "provide[] sufficient detail for Defendant to be on notice of the charges against her and to avoid surprise." (Document No. 41, p. 4).

Defendant's "Motion To Dismiss Pursuant To Fed. R. Cr. P. 12(b)(3)(B)(ii) And/Or Renewed Motion For A Bill Of Particulars" (Document No. 47) was filed February 14, 2023. The "Government's Response In Opposition To Defendant's Motion To Dismiss And Renewed Motion For A Bill Of Particulars" (Document No. 48) was filed February 21, 2023. Following the Court's March 2, 2023 Order directing Defendant to file a reply brief (Document No. 50), Defendant's "Reply In Support Of Motion To Dismiss And/Or Renewed Motion For A Bill Of Particulars" (Document No. 55) was filed March 17, 2023. The motion is now ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.

## DISCUSSION

By the instant motion, Defendant argues that count two and counts three and four are multiplicitous, and that therefore, either count two or counts three and four must be dismissed. See (Document No. 47). Defendant separately argues in the alternative, if the Court denies the motion to dismiss, that the Government should be ordered "to provide the defense with a bill of particulars pursuant to Fed. R. Crim. P. 7(f) as to count two specifying the date and time of the offense and the act constituting the offense." Id. at p. 1.

1. **Motion To Dismiss**

According to Defendant, "satisfying the elements of either count three or count four would necessarily prove count two as well, and neither count three nor count four would require proof of anything more than what is required to prove count two." Id. at p. 5. She argues, "[c]ount two is therefore multiplicitous, and the government must elect whether to dismiss that count or dismiss counts three and four." Id. The Government, on the other hand, argues "the elements of the charged offenses are not the same." (Document No. 48, p. 3). The Government takes the position that the relevant test for whether two counts are multiplicitous for double jeopardy purposes requires comparing "the elements of the statutory provisions in question, not the particular facts of the underlying case." Id. at p. 2 (citing Blockburger v. United States, 284 U.S. 299, 304 (1932); United States v. Ayala, 601 F.3d 256, 265 (4th Cir. 2010)) (internal quotations and citations omitted).

"It has long been established that a defendant may be tried, convicted and sentenced for two separate offenses, even though he committed a single act," so long as such prosecution does not violate the Constitution's Double Jeopardy Clause. United States v. Allen, 13 F.3d 105, 108 (4th Cir. 1993). Under the Constitution, "no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" United States v. Dixon, 509 U.S. 688, 695-96 (1993) (quoting U.S. CONST. amend. V). Pursuant to the Blockburger test, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). The Supreme Court has also stated that the test for whether two offenses are the same, and thus cannot be charged in the same or successive prosecutions, "inquires whether each offense contains an element not contained in the other." Dixon, 509 U.S. at 696.

The elements of sex trafficking of a minor under 18 U.S.C. § 1591(a)(1) include: (1) that the defendant knowingly "recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits [] a person," "(2) in or affecting interstate commerce, [and] (3) knowing or in reckless disregard of the fact that the victim had not attained the age of eighteen years and would be made to engage in a commercial sex act." 18 U.S.C. § 1591(a)(1); <u>United States v. Gunn</u>, 750 F. App'x 192, 194 (4th Cir. 2018) (internal quotations and citations omitted). And, with respect to transportation of a minor under 18 U.S.C. § 2423(a), the statutory elements are: (1) "knowingly transport[ing] an individual, " (2) "who has not attained the age of 18 years in interstate or foreign commerce," and (3) "with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2423(a).

The undersigned finds, consistent with other courts that have addressed this issue, that the two counts are not multiplicitous. Consistent with the <u>Blockburger</u> test, so long as the Court concludes that one statute "requires proof of a fact which the other does not," the offenses are not the same, and there is thus no constitutional double jeopardy problem. 284 U.S. at 304. Here, the critical distinction rests with the *mens rea* concerning the ultimate fate of the minor victim. To prove a violation of § 1591(a)(1), the Government need only prove that Defendant knew that the victim would be made to engage in a commercial sex act. 18 U.S.C. § 1591(a)(1). However, to prove a violation of § 2423(a), the Government must prove that Defendant had the specific intent "that the individual engage in prostitution," or another criminal sex act. 18 U.S.C. § 2423(a).

Although few courts have addressed the precise issue before the Court, of the few that have considered the issue, all have found that the offenses are not multiplicitous. The Ninth Circuit stated "[b]ecause § 1591(a) and 2423(a) have different intent requirements…the same elements

4

test is not satisfied." United States v. Brooks, 610 F.3d 1186, 1195 (9th Cir. 2010) (internal quotations and citations omitted). The Ninth Circuit then proceeded to give the following example: "if a sex trafficker arranged for a minor victim to be transported to a pimp in another state, the trafficker might *know* that the victim would be caused to engage in a commercial sex act without actually having any specific intent that the victim do so." Id. Thus, under that example, the court in Brooks said, "the sex trafficker could be convicted of violating 1591(a), but not 2423(a)." Id. Conceding that "the distinction between the two mens rea requirements is fine," the Ninth Circuit nevertheless highlighted "it matters not that there is substantial overlap in the evidence used to prove the two offenses, so long as they involve different statutory elements." Id. (internal quotations and citations omitted). A district court in Pennsylvania that considered the issue used a similar example to that in the Brooks case, again concluding that there was no double jeopardy problem under the Blockburger test "because each of the statutes requires proof of a different and distinct *mens rea* to support a conviction." United States v. Robinson, 2007 WL 790013, at *9 (M.D. Pa. Mar. 14, 2007).

The undersigned agrees with the Government – here, § 1591(a)(1) and § 2423(a) differ in that the *mens rea* element needed to prove one offense is not the same as the *mens rea* element needed to prove the other. Defendant offers little more than generalized statements to refute the Government on this point. She states "[t]he difference between intent and knowledge of the victim engaging in prostitution is too subtle to infer congressional intent to impose double punishment." (Document No. 55, p. 2). Respectfully, the undersigned is not persuaded, absent specific legal support for such a proposition, which Defendant has not provided. See Ayala, 601 F.3d at 265 ("[i]f each provision requires proof of a distinct element, 'then multiple punishments are presumed to be authorized absent a clear showing of contrary Congressional intent'" (quoting United States

5

v. Terry, 86 F.3d 353, 356)). There is a difference between specifically intending that a minor victim engage in prostitution (section 2423) and merely knowing that the minor victim would ultimately be caused to engage in a commercial sex act (section 1591). And, as stated in both Brooks and Robinson, the Court finds that the application of the Blockburger test yields a close call, but the result is that the elements of the statute are different upon examination. See Brooks, 610 F.3d at 1195 ("the distinction between the two mens rea requirements is fine"); Robinson, 2007 WL 790013, at *9 ("the distinction is relatively thin, but it cannot be ignored"). In drawing this conclusion, the undersigned is mindful of case law that mandates that courts "consider exclusively the legal elements of the different offenses, not the particular facts of the case at issue." United States v. Bird, 409 F. App'x 681, 686 (4th Cir. 2011).[1] Thus, the undersigned respectfully recommends that Defendant's motion to dismiss either count two or counts three and four of the Superseding Indictment be denied.

### 2. Motion For A Bill Of Particulars

With respect to Defendant's motion in the alternative for a bill of particulars, respectfully, the undersigned recommends denial of that motion. As the Government states, "the defendant cites no legal basis or authority supporting her renewed request for a bill of particulars, a request that was considered and appropriately denied by this Court." (Document No. 48, p. 6). Defendant does not make any new arguments, and thus, the undersigned is unpersuaded that the Court's earlier ruling should be reversed. A second bite at the apple without a change in argument or circumstances should not be allowed. No additional legal analysis beyond the undersigned's

---

[1] Defendant makes various other arguments about how the offenses are the same for double jeopardy purposes. Because the undersigned concludes that the statutes differ in terms of their legal elements such that the Blockburger test indicates that the two offenses under § 1591 and § 2423 are not the same, it is not necessary to examine Defendant's other arguments for why the statutes *are* the same.

6

Case 3:22-cr-00163-RJC-DCK   Document 56   Filed 04/12/23   Page 6 of 7

analysis in the previous Order is necessary. See (Document No. 41). The undersigned therefore respectfully recommends that Defendant's alternative motion for a bill of particulars be denied.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's "Motion To Dismiss Pursuant To Fed. R. Cr. P. 12(b)(3)(B)(ii) And/Or Renewed Motion For A Bill Of Particulars Pursuant To Fed. R. Cr. P. 7(f)" (Document No. 47) be **DENIED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.   Signed: April 12, 2023

David C. Keesler
United States Magistrate Judge