IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-CR-00163-RJC-DCK

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| KRISTI HEATHER KING (1) | ) |
| | ) |

**THIS MATTER** is before the Court on the defendant's Motion to Dismiss and for a Bill of Particulars, (Doc. No. 47); the government's Response, (Doc. No. 48); the magistrate judge's Memorandum and Recommendation (M&R), (Doc. No. 56); and the defendant's Objections, (Doc. No. 57). For the reasons stated below, the Court adopts the magistrate judge's M&R, and, therefore, denies the defendant's Motion.

I.  BACKGROUND

On June 22, 2022, the defendant was charged in a one count Indictment alleging sex trafficking of a minor between July 14, 2021, and December 24, 2021, in violation of 18 U.S.C. § 1591(a)(1), (b)(2), and (c). (Doc. No. 1). The grand jury returned a Superseding Indictment on November 15, 2022, charging her with conspiring to commit sex trafficking of a minor between July 14, 2021, and December 24, 2021, in violation of 18 U.S.C. §§ 1594(c) and 1591(a)(1), (b)(2), and (c) (Count One); sex trafficking of a minor between those dates, in violation of 18 U.S.C. § 1591(a)(1), (b)(2), and (c) (Count Two); transportation of a minor between July 27 and 28, 2021, in violation of 18 U.S.C. § 2423(a) (Count Three); and

transportation of a minor on September 1, 2021, in violation of 18 U.S.C. § 2423(a) (Count Four). (Doc. No. 26: Superseding Indictment). On November 16, 2022, the defendant filed a Motion for a Bill of Particulars, (Doc. No. 30), which a magistrate judge denied on December 30, 2022, (Doc. No. 41: Order).

In the instant Motion, the defendant moves to dismiss either Count Two or Counts Three and Four based on a claim of multiplicity. (Doc. No. 47: Motion at 1). In the alternative, the defendant moves for a bill of particulars specifying the date and time of the offense and the act constituting the offense in Count Two. (Id.) Pursuant to 28 U.S.C. § 636(b)(1)(B), a magistrate was designated to recommend disposition of the defendant's Motion. The magistrate judge issued an M&R on April 12, 2023, recommending that the defendants' Motion be denied. (Doc. No. 56 at 7). On April 26, 2023, the defendant filed Objections claiming: (1) that the magistrate judge erred in strictly applying the Blockburger test; and (2) that the Superseding Indictment fails to provide sufficient notice for the defense to prepare to meet the charge in Count Two. (Doc. No. 57: Motion at 1-2).

II.     STANDARD OF REVIEW

Federal Rule of Criminal Procedure 59(a) allows a district judge to refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. When a party objects to a magistrate judge's order on a nondispositive matter, a district judge must determine whether the order is contrary to law or clearly erroneous. Id. The failure to object to a magistrate judge's order within 14 days waives a party's right to review. Id.

2

A district judge may also refer a motion to dismiss to a magistrate judge for recommendation. Fed. R. Crim. P. 59(b)(1). When a party objects to a magistrate judge's recommendation for a dispositive matter, a district court must consider the objection de novo. Fed. R. Crim. P. 59(b)(3).

A.  Multiplicity

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. An indictment is multiplicious if it charges a single offense in several counts, exposing a defendant to multiple sentences for the same offense. United States v. Burns, 990 F.2d 1426, 1438 (4th Cir. 1993). "The same-elements test, sometimes referred to as the 'Blockburger' test, inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." United States v. Dixon, 509 U.S. 688, 696 (1993) (citing Blockburger v. United States, 284 U.S. 299, 304 (1932)). Thus, "a defendant may be tried, convicted and sentenced for two separate offenses, even though he committed a single act," United States v. Allen, 13 F.3d 105, 108 (4th Cir. 1993), "absent a clear showing of contrary Congressional intent," United States v. Ayala, 601 F.3d 256, 265 (4th Cir. 2010) (internal quotation marks and citations omitted).

Here, the magistrate judge correctly found that Count Two and Counts Three and Four are not multiplicious because § 1591(a) and § 2423(a) have different intent requirements. (Doc. No. 56: M&R at 5). The intent element for § 1591(a) is proven

3

when a defendant commits certain acts knowing or in reckless disregard of the fact that a minor will be caused to engage in a commercial sex act. The intent element for § 2423(a) is proven when a defendant transports a minor with the intent that the individual engage in prostitution or other prohibited sexual activity. The magistrate judge's decision that the statutes contain different elements is amply supported by persuasive authority of courts directly addressing this issue. See Untied States v. Brooks, 610 F.3d 1186, 1194-1195 (9th Cir. 2010); United States v. Townsend, 521 F. App'x 904, 908-909 (11th Cir. 2013); United States v. Sebastian, No. 20-cr-10170-DJC, 2023 WL 2187895, at *4-5 (D. Mass. Feb. 23, 2023).

The defendant criticizes the Brooks decision as missing congressional intent to make mens rea regarding the victim's age "to be functionally the same for both offenses." (Doc. No. 57: Objections at 8). The defendant relies on Untied States v. Moreira-Bravo, 56 F.4th 568, 573 (8th Cir. 2022), which found that Congress properly intended that § 2423(a) have a strict-liability age element. That holding illustrates another difference between the statutes: § 1591(a) requires the government to prove a defendant knew or recklessly disregarded the fact that victim was under 18 years old, United States v. Garcia-Gonzalez, 714 F.3d 306, 312 (5th Cir. 2013), where § 2423(a) does not, Moreira-Bravo, 56 F.4th at 570. Congress is presumed to legislate with Blockburger in mind, Albernaz v. United States, 450 U.S. 333, 342 (1981), and the defendant has failed to show a clear indication of congressional intent not to define separate offenses. Accordingly, the Court will

4

adopt the magistrate judge's recommendation to deny the defendant's Motion to Dismiss.

B.  Bill of Particulars

The defendant previously filed a Motion for a Bill of Particulars seeking identification of the specific acts, and the dates and times of those acts, charged in Count One of the original Indictment. (Doc. No. 30: Motion at 3). That count became Count Two in the Superseding Indictment, which the government addressed in its Response. (Doc. No. 38). The magistrate judge also considered the defendant's Motion in relation to the Superseding Indictment and found that a bill of particulars is not warranted in this case, where the government has provided expanded file discovery, evidence was heard during two detention hearings, and the Superseding Indictment tracks the language of the statute, providing sufficient detail to notify the defendant of the charges against her and to avoid surprise. (Doc. No. 41: Order at 3-4). The defendant did not object to the magistrate judge's Order; therefore, she waived her right to review. Accordingly, the Court will deny the defendant's Motion for Bill of Particulars now criticizing that decision.

**IT IS, THEREFORE, ORDERED**, that the defendant's Motion to Dismiss and for a Bill of Particulars, (Doc. No. 47) is **DENIED**.

The Clerk is directed to certify copies of this order to the Federal Public Defender and the United States Attorney.

Signed: May 15, 2023

Robert J. Conrad, Jr.
United States District Judge

5